Dear Mr. House:
This office is in receipt of your request for an Attorney General's Opinion regarding the applicability of LA R.S. 44:4 (3) to a request made for public records pertaining to the Hyundai Corporation's business interest in Louisiana.
You state in your opinion request letter that the Department of Economic Development has been presented with a request for documents pertaining to Hyundai Corporation and DED's investigation and examination of Hyundai and its interest in locating a manufacturing facility in Louisiana. Documents sought include confidential business information regarding Hyundai that has been obtained by DED and its agent that reflects upon and relates to the opportunities for doing business in Louisiana, site selection, and information obtained from a variety of internal and external sources to assist DED in facilitating development of a business relationship in the state.
You ask whether the public records doctrine applies to these documents, or in the alternative does an exception, specifically LA R.S.44:3 (3), apply to this request. LA R.S. 44:3 (3) states that the public records doctrine does not apply:
 To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.
The language of LA R.S. 44:3 (3) is directly on point to the question you present. The confidential nature of these types of documents falls beyond the scope of the public records doctrine. Hyundai's confidential documents remain confidential under this exception; therefore, the public records doctrine does not apply to this request. It must be noted, however, that the language of this exception clearly states that the records of the private corporation must be confidential in their nature. The private corporation must make the determination of the nature of the confidentiality. In other words, if Hyundai provided DED with information that it considered to be confidential, then the public records doctrine may not pierce this veil of confidentiality.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ ANDREW D. BENTON ASSISTANT ATTORNEY GENERAL